<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LR 9004-2(c)**

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
(973) 622-4444

Attorneys for Bank of America, Trustee, by and
through its sub-servicer, Berkadia Commercial
Mortgage LLC

</td><td></td></tr>
<tr><td>

In re:

Emoral, Inc. f/k/a Polarome International, Inc.

              Debtor.

</td><td>

Chapter 7

CASE NO. 11-27667

Judge: Honorable Rosemary Gambardella

**Hearing Date: August 9, 2011, 11:00 a.m.**

</td></tr>
</table>

<u>**APPLICATION OF BANK OF AMERICA, TRUSTEE, BY AND THROUGH ITS SUB-SERVICER, BERKADIA COMMERCIAL MORTGAGE LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**</u>

Berkadia Commercial Mortgage LLC, ("Berkadia") in its capacity as sub-servicer on behalf of

CWCapital Asset Management LLC, special servicer to Bank of America, National Association, as

successor by merger to LaSalle Bank National Association, as Trustee for the Registered Certificate

Holders of Morgan Stanley Dean Witter Capital I Inc. Commercial Mortgage Pass-Through

Certificates, Series 2000-LIFE2 ("Bank of America, Trustee"), by and through its counsel, McCarter &

English, LLP, hereby requests that the Court enter an Order granting Bank of America, Trustee, relief

from the automatic stay pursuant to 11 U.S.C. §362(d)(1), so that Bank of America, Trustee may

continue the Foreclosure Proceeding (as defined below) in which the Debtor is a defendant.  In support

of this Application, Bank of America, Trustee, respectfully states as follows:

ME1 11924996v.3

## PRELIMINARY STATEMENT

1.      Bank of America, Trustee, is the present holder of a Secured Promissory Note executed by WOB Real Estate, Inc. (the "Borrower") evidencing a loan (the "Loan") made to the Borrower in the principal amount of $9,200,000.  The Loan is secured by a Mortgage and Security Agreement by which the Borrower granted a security interest in the Mortgaged Property (as defined below).  Emoral, Inc. f/k/a Polarome International, Inc. (the "Debtor") guaranteed the obligations under the Loan.

2.      The Borrower defaulted on its obligations and on November 24, 2010, Bank of America, Trustee commenced a foreclosure proceeding in the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-058275-10, (the "Foreclosure Proceeding").  The Debtor was named a defendant in the foreclosure proceeding by virtue of its guaranty of the Loan.  By this motion, Bank of America, Trustee, by and through its sub-servicer, Berkadia, seeks relief from the automatic stay solely to permit Bank of America, Trustee to proceed with the Foreclosure Proceeding and the foreclosure sale of the Mortgaged Property.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

5.      Venue of this matter is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

6.      The Debtor commenced this case (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") on June 8, 2011 (the "Petition Date").

ME1 11924996v.3

7.      On or about July 5, 2000, the Borrower executed a Secured Promissory Note (the "Note") executed by the Borrower evidencing the Loan.  See Affidavit of James B. Horan in support of the Motion (Horan Aff.), ¶ 2 and Exhibit A (the Note).

8.      To secure the Loan, on or about July 5, 2000 the Borrower executed a Mortgage and Security Agreement (the "Mortgage") by which the Borrower granted a security interest in certain real property known as 200 Theodore Conrad Drive, Jersey City, New Jersey, Tax Lot 1.C, Tax Block 2154 on the tax map of the City of Jersey City, Hudson County, New Jersey (the "Mortgaged Property").  See Horan Aff., ¶ 3 and Exhibit B (the Mortgage).

9.      The Debtor executed a Guaranty and Surety Agreement (the "Guaranty"), dated July 5, 2000 in connection with the Loan.  See Horan Aff., ¶ 4 and Exhibit C (the Guaranty").

10.      Bank of America, Trustee is the present holder of the Note, the Mortgage, the Guaranty and all other documents executed in connection with the Loan, (collectively, the "Loan Documents"). See Horan Aff., ¶ 6.

11.      The Borrower defaulted under the Loan Documents by, *inter alia*, failing to pay all sums due and owing on or before August 1, 2010, the maturity date of the Note.  See Horan Aff., ¶ 7.

12.      Based upon the Borrower's default under the Loan Documents, Bank of America, Trustee, commenced the Foreclosure Proceeding.  The Debtor was named as a defendant in the Foreclosure Proceeding because it executed the Guaranty in connection with the Loan, and, as such, has a right of redemption and may have liability for sums due under the Loan.

13.      On May 9, 2011, prior to the Petition Date, default (the "Default") was entered against each of the defendants in the Foreclosure Proceeding, including the Debtor.  A true and correct copy of the Default is annexed hereto as Exhibit A.

3

## BANK OF AMERICA, TRUSTEE IS ENTITLED TO
## RELIEF FROM THE AUTOMATIC STAY

14.     Section 362(d) of the Bankruptcy Code governs the granting of relief from the automatic stay and is intended to balance the interests of the debtor and its secured creditors.  In re Indian Palms Associates, Ltd., 61 F.3d 197, 206 (3d Cir. 1995).  Section 362(d) provides, in pertinent part:

> (d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d).

15.     Cause is not defined in the Bankruptcy Code.  However, the Bankruptcy Court is given "wide latitude" to balance the equities when granting relief from the automatic stay .  In re Myers, 491 F.3d 120, 124 (3d Cir. 2007).  Courts apply a totality of the circumstances test based upon the specific facts of each case to determine whether the automatic stay should be lifted "for cause."  In re Fairchild Corp., 2009 Bankr. LEXIS 3815, 23 (Bankr. D. Del. Dec. 1, 2009) (citing Bandolino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997)).

16.     The Third Circuit has developed a three-part balancing test to evaluate whether cause exists: "(1) Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) The probability of the creditor prevailing on the merits."  In re DBSI, Inc., 407 B.R. 159, 166-67 (Bankr. D. Del. 2009) (quoting In re SCO Group, Inc., 395 B.R. 852, 857 (Bankr. D. Del. 2007)).

4

17.    Courts also place emphasis on whether lifting the automatic stay will negatively affect the orderly administration of the debtor's estate. <u>In re Sonnax Indus., Inc.</u>, 907 F.2d 1280, 1285 (2d Cir. 1990) (quoting legislative history of the Bankruptcy Code that "Other causes might include the lack of any connection with or interference with the pending bankruptcy case").

18.    Here, continuation of the Foreclosure Proceeding will not negatively affect the Debtor or the bankruptcy estate.  The Foreclosure Proceeding merely seeks to foreclosure the Debtor's right of redemption of the Mortgaged Property and any rights the Debtor may have in connection with a possible leasehold interest in the Mortgaged Property.  Neither of these rights is of any value to the Debtor or the bankruptcy estate as neither was listed on the schedules to the Debtor's bankruptcy petition.  Upon information and belief the Debtor no longer occupies, nor does it presently derive income from, the Mortgaged Property.

19.    To exercise its right of redemption of the Mortgaged Property the Debtor must pay Bank of America, Trustee all amounts due under the Loan Documents- over $9 million.  As such, it is almost certain that the Debtor will not exercise its right of redemption and the continuation of the Foreclosure Proceeding will not prejudice the Debtor or the bankruptcy estate.  Additionally, Bank of America, Trustee is not seeking relief from the stay to initiate an action against the Debtor for any deficiency due under the Loan Documents, but instead will file a proof of claim in this Bankruptcy Case, if appropriate.

20.    Conversely, maintenance of the stay would be a significant hardship to Bank of America, Trustee.  As of June 30, 2011 the total amount due under the Loan Documents was $9,347,564.91 with interest accruing at the <u>per diem</u> rate of $2,893.62.  Maintenance of the stay for the duration of this Bankruptcy Case would prevent Bank of America, Trustee from selling the Mortgaged Property in attempt to satisfy the considerable debt owed by the Borrower.  <u>See</u> Horan Aff., ¶¶ 10 & 11.

ME1 11924996v.3

21.     Finally, as to the third factor of whether Bank of America, Trustee is likely to prevail on the merits, if Bank of America, Trustee is permitted to continue with the Foreclosure Proceeding, it is certain to prevail.  Prior to the Petition Date default was entered against each of defendants in the Foreclosure Proceeding, including the Debtor.  Bank of America, Trustee is prepared to file its application for final judgment once the automatic stay is lifted in this Bankruptcy Case.

22.     Under the circumstances, Bank of America, Trustee is entitled relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code for the sole and limited purpose of continuing the Foreclosure Proceeding.

WHEREFORE, Bank of America, Trustee, by and through its sub-servicer, Berkadia respectfully requests that this Court terminate the automatic stay solely to permit Bank of America, Trustee to proceed in the Foreclosure Proceeding and for such other relief to which it may be entitled.

McCARTER & ENGLISH, LLP
*Attorneys for Bank of America, Trustee, by and through its sub-servicer, Berkadia Commercial Mortgage LLC*

By: */s/ Sheila E. Calello*
    SHEILA E. CALELLO
    A Member of the Firm

Dated:  July 15, 2011

6